PER CURIAM.
11 Plaintiffs, Mr. And Mrs. Thomas D. Davenport, seek relief from the lower court rulings granting a mandatory injunction in favor of the defendant, City of Alexandria, requiring the removal of then-carport constructed in violation of the Alexandria Code of Ordinances.
The Davenports added an addition to their original carport which was constructed in stages and finished in 1980, before the enactment of the current City of Alexandria Code of Ordinances requiring a five-foot setback from neighboring property. The addition extended over the five-foot setback but was allowed to remain as a nonconforming structure because it predated the ordinance. Beginning in February 2011, in an effort to improve and beautify the structure, the Davenports deconstructed the building and built a new structure, retaining part of the roof and some electrical wiring. The Davenports’ actions constituted a violation of the City’s Code of Ordinances, Section 28-7.4 which provides in part:
Should such nonconforming structure or nonconforming portion of the structure be destroyed by any means to an extent of more than fifty (50) per cent of its replacement cost at time of destruction, it shall not be reconstructed except in conformity with the provisions of this chapter.
Nevertheless, they completed the new structure, which extended over the five-foot setback provided in the Code, although it did not exceed the footprint of | ¡.the preexisting building.[1] The Davenports did not obtain a building permit. *378 Both lower courts found that the construction of the new structure was in violation of the Code of Ordinances.
The trial court’s judgment allowed the Davenports 84 days from the signing of ■ the judgment to obtain a building permit, and “comply with the requirements of the City of Alexandria’s Construction Development Department Building Code and International Residential Building Code.” The trial court stated that “the Plaintiffs are not required to abate and remove the entire structure at issue, but are required to perform and complete such work that is outline[ed] in the building permit issued by the City Of Alexandria’s Construction Development Department.” This was apparently intended to allow the Davenports to obtain a permit and remove the portion of the structure which extended over the five-foot setback.
The Davenports perfected a suspensive appeal from the trial court judgment, that is, one that suspends the effect or the execution of the judgment pending the appeal. La. C.C.P. art. 2123. The City argued, and the Court of Appeal agreed, that the time period allowed by the trial court for compliance with the code was in the nature of a compromise and thus was not suspended by the appeal. We do not agree. The record indicates that the time allowed for compliance was provided in the judgment as an alternative to full demolition. Thus, we find the court of appeal erred in not giving suspensive effect to the alternative trial court judgment allowing the Davenports time to remedy the City Code violations.
Accordingly, the judgment of the court of appeal is reversed insofar as it did not allow plaintiffs, who appealed suspensively, the time granted by the trial court to comply with the City Code requirements. In all other respects, the court of 13appeal decision is affirmed. The case is remanded to the trial court to set a date for the Davenports to comply with the alternative trial court judgment in accord with this Court’s ruling.
HUGHES, J., dissents with reasons.

. The Davenports argued that the 50% valuation should include the value of the home and attached garage. The City contended that the structure was not an integral part of the home for this valuation. The trial court and the court of appeal agreed with the City, finding no disparate treatment in the City's application of the ordinance under the facts of this case. We find no error in the lower courts’ decisions on this point.